Edward J. McNamara (SBN 155368)
*Edward.McNamara@jacksonlewis.com*
Taline D. Markarian (SBN 328832)
*Taline.Markarian@jacksonlewis.com*
**JACKSON LEWIS P.C.**
725 S. Figueroa Street, Suite 2800
Los Angeles, California 90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430

Attorneys for Defendant
AMERICOLD LOGISTICS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PAUL STEPHENSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICOLD LOGISTICS, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO:<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>(Filed concurrently with Declaration of Virginia Hoppe; Declaration of Sean Toner; Declaration of Taline Markarian; Notice of No Related Cases, Certification of Notice of Interested Parties, Corporate Disclosure Statement and Civil Case Cover Sheet)<br><br>Los Angeles Superior Court Case No. 26STCV00270 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AMERICOLD LOGISTICS, LLC (hereinafter "Americold" or "Defendant") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.  In support of removal, Defendant presents the following:

1

## I.    STATEMENT OF JURISDICTION

1.    The Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between "citizens of different States" and the amount placed in controversy exceeds the sum of $75,000.00, exclusive of interest costs. *See* 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship).  *See also* 28 U.S.C. § 1441(b) (Removal of Actions).

## II.    TIMELINESS OF REMOVAL

2.    Plaintiff RICHARD PAUL STEPHENSON ("Plaintiff") filed a Complaint against Defendant on January 6, 2026, in the Los Angeles Superior Court, which the state court designated as Case No. 26STCV00270. (Declaration of Taline Markarian ("Markarian Decl.") In Support of (ISO) Removal, at ¶2, **Exhibit A**). In his Complaint, Plaintiff asserts the following seven (7) causes of action: (1) Retaliation for Worker's Compensation Activity in Violation of Labor Code §132a; (2) Disability Discrimination in Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the FEHA; (4) Failure to Accommodate in Violation of the FEHA; (5) Interference with Rights Under the California Family Rights Act (CFRA); (6) Retaliation in Violation of the CFRA; and (7) Wrongful Termination in Violation of Public Policy. (Markarian Decl. ISO Removal, at **Exhibit A**).

3.    On January 7, 2026, Plaintiff served Defendant with Plaintiff's Complaint, Summons, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, and Alternative Dispute Resolution (ADR) Information Package. (Markarian Decl. ISO Removal, at ¶3, **Exhibit B**).

4.    On January 8, 2026, Plaintiff filed a Proof of Service of Summons with the Los Angeles County Superior Court regarding service on Defendant. (Markarian Decl., at ¶4).

5.    As of the date of this Notice of Removal, the attached **Exhibits A** and **B** constitute all of the pleadings received or filed by Defendant in this matter and no further

2

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

proceedings have been had in the state court of Los Angeles County. (Markarian Decl., at ¶5).

6.      This removal is timely because it has been filed within thirty (30) days after the service of Defendant, was effectively served with a copy of Plaintiff's Summons and Complaint, and it is therefore filed within the time period mandated by 28 U.S.C. section 1446(b). The United States Supreme Court has held that the 30-day removal deadline is triggered by actual service, as opposed to receipt of the complaint through other means. *Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999).

### III.    SERVICE ON THE STATE COURT

7.      Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

### IV.    DIVERSITY JURISDICTION IS APPROPRIATE HERE

8.      "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e*., Plaintiff and Defendant must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. This Lawsuit meets the requirements of 28 U.S.C. § 1332(a) and thus may be removed to federal court pursuant to 28 U.S.C. § 1441.  As explained below, this Lawsuit is a civil action: (1) "between citizens of different States" and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

**A.    Plaintiff is Completely Diverse from the Business Entity Defendant.**

9.      For diversity purposes, an individual is deemed a citizen of the state in which

3

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

they are domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). *See also Lew v. Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986) (physical presence with an intent to remain there). An allegation of a plaintiff's place of residency is evidence of their domicile, absent any affirmative allegations to the contrary. *See District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a [person] lives is properly taken to be [their] domicile until facts adduced establish the contrary."); *Grossman v. FCA US LLC*, No. 17-cv-2048 DMG (JPRx), 2017 WL 10581093, *2-*3 (C.D. Cal. May 25, 2017) (citations omitted) (for removal purposes, alleging citizenship of plaintiff based on plaintiff's state of residence is sufficient); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (noting a party's residence is *prima facie* evidence of their domicile); *Bey SolarWorld Indus. Am, Inc.*, 904 F. Supp. 2d 1103, 1105 (D. Or. 2012).

10. **Diversity of Citizenship exists here**. Addressing this point, the Ninth Circuit opined that the determination of an individual party's domicile may involve an evaluation of several factors, with no single factor controlling, including, but not limited to:

> "current residence, voting registration and practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment . . . , driver's license and automobile registration and [the] payment of taxes."

*Lew v. Moss*, 797 F.2d at 750 (citations omitted). *No single factor is dispositive in determining domicile, nor must every factor be present in a given case. See*, *e.g.*, *Lew*, 797 F.2d at 752. As the Ninth Circuit explained in *Lew*, the presence of only some of the relevant factors may be sufficient to establish a party's domicile for jurisdictional purposes. *Id.*

11. **Plaintiff's Complaint admits facts establishing that he is a California domiciliary.** Just as in *Lew v. Moss*, 797 F.2d at 750, the facts presented here demonstrate Plaintiff is domiciled in California.

12. Here, Plaintiff's Complaint discloses he is a Los Angeles, California resident

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

and has grown up and gone to high school in Los Angeles. Markarian Decl., ¶2, **Exhibit A**, par. 1 and 9. Plaintiff also listed and maintained a California address on file with Defendant for purposes of his personnel file during the period of his employment with Defendant. Declaration of Virginia Hoppe ("Hoppe Decl.") ISO Removal, at ¶3. Accordingly, Plaintiff is, and since the commencement of this action has been, a citizen of the State of California.

13.    Plaintiff was a long-term employee of Americold at its Vernon warehouse facility, having first commenced employment there in February 2012.  Hoppe Decl. ISO Removal, ¶4. *See also* Markarian Decl., ¶2, **Exhibit A**, par. 2. Plaintiff's employment occurred solely at Americold's warehouse facility located in Vernon, California. Hoppe Decl. ISO Removal, ¶4. *See also* Markarian Decl., ¶2, **Exhibit A**, par. 2, 14, 41.

14.    Additionally, Plaintiff sought and received California workers' compensation benefits for his employment injuries occurring in California. Markarian Decl. ISO Removal, ¶2, **Exhibit A**, par. 2, 14, 16, 41.

15.    Further, California payroll taxes were withheld from Plaintiff's wages.  Hoppe Decl. ISO Removal, at ¶ 5.  Those withholdings occurred over the course of his nearly thirteen-year employment period with Americold at its Vernon facility.

16. Accordingly, these facts evidence that for diversity jurisdiction purposes, Plaintiff is a citizen of California.

17.    **Americold Logistics is an Out-of-State Entity for Diversity Jurisdiction Purposes.**  Americold is diverse in its citizenship from Plaintiff. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Americold is a nongovernmental, Delaware limited liability company with its principal place of business in Georgia. Declaration of Sean Toner ("Toner Decl.") ISO Removal, at ¶ 4.  The identity of Americold's members and their domiciles are set forth fully in Americold's Corporate Disclosure Statement submitted herewith. *See Id.*, at ¶¶ 5-9. These individuals are located in jurisdictions other than California.  *Id.*, at ¶ 8. Given these facts, Americold is not a

5

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

California citizen.

18.     **For Purposes of Removal, the Citizenship of Unnamed Defendants, "Does 1 through 50, inclusive," are Disregarded**. Does 1 through 50 appearing in the Complaint are wholly fictitious. The Court may, therefore, disregard their citizenship in determining whether diversity jurisdiction exists. *See* 28 U.S.C. § 1441(a); *Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980); *see also Doe v. ERMC Aviation LLC*, U.S.D.C. Case No. 2:23-cv-02612-SB-MAR, 2023 WL 3483229 (C.D. Cal. May 16, 2023); *Mcavoy v. Lowe's Home Centers LLC*, U.S.D.C. Case No. 22-cv-2417-SVW-RAO, 2022 WL 2072672, at *5 (C.D. Cal. June 9, 2022) ("[p]ursuant to the plain language of the statute and relevant case law, this Court will not consider the citizenship of Doe defendants until Plaintiffs seek leave to substitute a named defendant"). To date, Plaintiff has not identified any individual as "Doe defendant" nor has sought leave to substitute any "Doe" as a named defendant here in this action.

19.     Based on the foregoing, this action is truly between diverse parties. The facts evidence that Plaintiff is a citizen of California and Americold is not. Therefore, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

### B.     Plaintiff's Complaint Demonstrates the Amount of Controversy Exceeds $75,000.00

20.     A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and may include allegations based on information and belief. *Carolina Cas. Co. v. Team Equipment Inc.*, 741 F.3d 1082, 1087-1088 (9th Cir. 2014). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy...." 28 U.S.C. § 1446(c)(2).

21.     Without conceding that Plaintiff is entitled to or can recover any damages whatsoever, the amount in controversy in this action easily exceeds the statutory jurisdiction minimum of $75,000.

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

22.    In cases where the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted). Here the Complaint seeks: general damages, special damages, punitive damages, compensatory damages, restitution, interest, costs of suit, attorneys' fees, and such other relief as the Court deems just and proper. Markarian Decl., ¶2, **Exhibit A**, Prayer for Relief.

23.    In determining whether the allegations in the Complaint, satisfy the amount in controversy threshold for removal under 28 U.S.C. § 1332(a) a court may consider the aggregate value of claims for compensatory damages and attorneys' fees.  *See e.g., Goldberg v. CPC Int'l*, 678 F.3d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be considered to jurisdictional amount).

24.    "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, U.S.D.C. Case No. 2:13-cv-02134 MCE (KJNx), 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted).

25.    To this end, a defendant does not need to provide summary judgment-type evidence.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*¸ 574 U.S. at 88; *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d at 1068; *Cagle,* 2014 WL 651923, at *7.  Rather, when a defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and the underlying assumptions must be reasonable and not constitute mere speculation and

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

conjecture. *Crockett v. Wal-Mart Associates, Inc.*, U.S.D.C. Case No. 2:23-cv-01562 TLN (KJN), 2024 WL 516713, *2 (E.D. Cal. February 9, 2024).

26.     Illustrating this point, the court in *Kroske v. U.S. Bank Corp*, determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy. *Kroske v. U.S. Bank Corp.,* 432 F. 3d 976,980 (9th Cir. 2005). There, the *Kroske* plaintiff claimed unspecified damages spread over various categories, namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Id.*

27.     **Economic Damages**. Like the Plaintiff in *Kroske*, Plaintiff's Complaint here alleges a similar litany of unspecified damages, including economic as well as emotional distress damages. Under several causes of action present, Plaintiff's Complaint alleges that he "suffered and continues to suffer economic damages including lost wages, lost employment benefits, loss of pension accruals, and diminished future earning capacity… " (Complaint, ¶¶ 50, 64, 79, 90, 101, 110, and 121).  The value of these unstated economic damages are assessed herein below.

28.     ***Back Pay/Loss of Past Earnings***. Plaintiff's Complaint seeks compensatory damages, including compensation for loss of wages. Back pay is a quantifiable sum of economic damages. It is well established that "back pay" constitutes those lost wages suffered through the time for trial. *Crockett v. Wal-Mart Associates, Inc.*, 2024 WL 516713, *3. See Beltran v. Procare Pharmacy, LLC*, U.S.D.C. Case No. 2:19-cv-08819 ODW (RAOx), 2020 WL 748643, *3 (C.D. Cal. February 14, 2020); *Fisher v. HNTB Corp.*, U.S.D.C. Case No. 2:18-cv-08173 AB (MRWx) 2018 WL 6323077, *5, n. 7 (C.D. Cal. December 3, 2018).  When the date of a trial is not set, courts have found one-year from the date of removal to be a conservative trial date estimate. *Beltran v. Procare Pharmacy, LLC*, 2020 WL 748643, *3; *Calhoun v. Consol. Disposal Serv., LLC*, USDC Case No. 19-cv-02315 MWF (MRWx), 2019 WL 2522677, *3 (C.D. Cal. June 18, 2019).  *See also Reyes v. Staples Office Superstore, LLC*, USDC Case No. 19-cv-07086 CJC

(SKx), 2019 WL 4187847, *3 (C.D. Cal. September 3, 2019).

29.     As in *Crockett*, Americold's chain of reasoning here is based on reasonable underlying assumptions which do not constitute mere speculation and conjecture. *See Crockett v. Wal-Mart Associates, Inc.*, 2024 WL 516713, *3. Plaintiff's Complaint does not allege his hourly rate at the date of separation. Thus, Americold bases its damage calculations on information appearing within Plaintiff's personnel and payroll records.

30.     Americold employed Plaintiff from February 28, 2012, through his termination date on April 17, 2025, at which time he was earning the rate of $26.48 per hour. Hoppe Decl. ISO Removal, at ¶ 5. Plaintiff's wage loss damages are measured on a forty (40) (or more) hours per week calculation. Hoppe Decl. ISO Removal, at ¶ 6. Using that as a base line, 40 hours of work per week at $26.48 per hour equals an income of $1,059.20 per week ($4,236.80 per month). Based on this calculated weekly salary, Plaintiff's alleged back pay for the approximately 10 months between his employment separation and the date of this Notice of Removal is approximately $42,368.

31.     Assuming Plaintiff takes this matter to trial and the trial was set for twelve months from the date of removal, Plaintiff would accrue an additional year of back pay which totals $50,841.60. Thus, at the time of trial, Plaintiff's total claim for back pay would be $93,209.60 ($42,368 + $50,841.60).

32.     ***Lost Future Earnings***. Economic damages may also include an award of lost future earnings. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recovery them. Applying these calculations, if Plaintiff is successful on his claims here, he could, recover one year of front pay, he would be entitled to an additional $50,841.60. *Chavez v. JP Morgan Chase & Co.*, 888 F. 3d at 417.

33.     ***Total Lost Earnings***. Taking these calculations, tabulating both back pay and front pay, Plaintiff's lost earnings claims total **$144,051.20**. Accordingly, Plaintiff's claimed damages for lost earnings alone will exceed the jurisdictional minimum of

$75,000.

34. **Emotional Distress Damages**. Plaintiff also alleges emotional distress, mental anguish, anxiety, humiliation, loss of dignity, damage of reputation and loss of enjoyment of life. Complaint, ¶¶ 51, 65, 80, 91, 102, 111 and 122. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co*., 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Defendant presents that as follows.

35. Historically, California juries have awarded more than $50,000 in emotional distress damages in other single employee actions presenting claims for discrimination, retaliation, and failure to prevent discrimination and/or retaliation. *See e.g.*, *Abe v. Symantec Corporation,* JVR No. 1611180027, 2016 WL 6883223 (Cal. Super.) (awarding $50,000 in compensatory pain and suffering as the result of plaintiff's allegations of gender discrimination); *Devis v. City of Pasadena,* JVR No. 2402270018, 2023 WL 9792531 (Cal. Super.) (awarding $135,000 in compensatory noneconomic damages to an employee who was terminated after alleging sex discrimination and retaliation); *Cash v. County of Los Angeles,* JVR No. 240603009, 2023 WL 11800634 (Cal. Super.) (awarding $245,000 for past noneconomic damages and $105,000 for future noneconomic damages after alleging gender discrimination and retaliation as a result of his complaints of discrimination).

36. Defendant denies that Plaintiff's claims have any merit and that he suffered any damages. However, assuming there was any recovery, Plaintiff's estimated emotional distress damages are conservatively estimated at $50,000.00. Aggregated to the estimated lost wage claims, Plaintiff's economic damages exceed **$194,051.20**. Thus viewed, Plaintiff's economic damages for lost earnings alone exceed the jurisdictional minimum of $75,000.

37. **Recovery of Attorneys' Fees and Costs as a factor in the Amount-in-Controversy**. When authorized by statute, attorneys' fees and costs are to be included in the calculation of the amount in controversy for purposes of determining whether the jurisdictional minimum has been satisfied. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

10

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount-in-controversy")' *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding the amount in controversy issue, a court may estimate the amount of reasonable fees likely to be recovered by a prevailing plaintiff).

38.   While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of the pre-trial and trial litigation of this matter may exceed a damages award.  *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (C.D. Cal. 2002).  Other trial court decisions reveal estimates for the number of hours expended through trial for single plaintiff employment cases have ranged between 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, U.S.D.C. Case No. 14-cv-09154 AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted).

39.   Federal courts in California have also recognized that a reasonable rate for employment cases is $300 per hour. *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, *12.  Taking the conservative estimate of 300 hours, at a rate of $300 per hour, and, at a minimum without going to trial, the total amount of fees is approximately $90,000.00. *See Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (stating that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is satisfied).

40.   All considered, Plaintiff's claims for recovery of attorneys' fees when combined with his potential economic damage claims, could reach a total excess of **$284,051.20**.

41.   This estimate does not include any sum corresponding to any award of punitive damages, which would increase the damage estimate perhaps as high as four-fold. Accordingly, given the amount of potential damages at issue, Plaintiff's allegations satisfy the jurisdictional prerequisite here.

42.   **Punitive Damages**. Plaintiff also expressly seeks punitive damages from

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

Defendant. *See* Complaint, Prayer for Relief, par. d. In such circumstances, this Court has expressly stated that "[p]unitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint." *Ulloa,* 2021 WL 6618815, at *7; *see also Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *Brady,* 43 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.,* 13 F. 3d 1357, 1360 (9th Cir. 1994). A punitive damages award could equal as much as four times the amount of the actual damages award. *See State Farm Mutual Auto Ins. Co. v. Campbell,* 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology,* 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

## V.    NO ADMISSION

43.    Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does Defendant concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

## VI.    CONCLUSION AND REQUESTED RELIEF

44.    For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendant respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

45.    The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

Dated: February 6, 2026                    **JACKSON LEWIS P.C.**


By:    /s/Taline Markarian
       Edward J. McNamara
       Taline Markarian

       Attorneys for Defendant
       AMERICOLD LOGISTICS, LLC

4934-9190-6445, v. 1

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446